**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

TANIS MILICEVIC,

Plaintiff,

v.

BAYAMON HOTEL COMPANY LLC,

Defendant.

BAYAMON HOTEL COMPANY LLC,

Third-Party Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

Third-Party Defendant.

CIVIL NO.  22-1202 (HRV)

**OPINION AND ORDER**

**I.  INTRODUCTION**

The present is a diversity jurisdiction action for damages brought by Plaintiff Tanis Milicevic (hereinafter "Plaintiff") against Defendant Bayamon Hotel Company, LLC. (hereinafter "BHC"). Plaintiff alleges that she suffered damages in a slip-and-fall incident at a hotel owned by BHC. (Complaint, Docket No. 1).  BHC subsequently filed a third-party complaint against Liberty Mutual Insurance Company (hereinafter "Liberty") as a direct action under the Puerto Rico Insurance Code. (Docket No. 38).

1

BHC seeks declaratory relief, as well as indemnity and/or contribution from Liberty under a commercial liability insurance policy, with respect to any damages BHC is ultimately determined to be liable for. (*Id.*).

Pending before the Court is Liberty's motion to dismiss asserting that the causes of action brought by BHC as part of the third-party complaint are time-barred. (Docket No. 46). BHC opposes arguing that the causes of action are contractual in nature. (Docket No. 49). As such, the statute of limitations applicable to the controversy is the one that applies to contract disputes, not the one-year limitations period applicable to tort actions. *Id.* Liberty has filed a reply brief (Docket No. 55) and BHC has submitted a surreply presenting an alternative argument as to why the third-party claims are not time-barred. (Docket No. 59).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2022, Plaintiff Tanis Milicevic filed her complaint against BHC alleging in sum and substance that due to defendant's negligence, she suffered damages. (Docket No. 1). More specifically, the complaint alleges that on June 12, 2021, Ms. Milicevic was staying in a room at the Hyatt Place San Juan City Center, a hotel owned by BHC. (*Id.* at 2, ¶ 8). When she woke up that morning, she stepped onto the tile leading to the bathroom and violently slipped resulting in severe physical injuries, including a displaced femur fracture. (*Id.*, ¶¶ 9,10). Plaintiff asserts that after the fall, she noticed that the tile was wet and slippery and that she did not do anything to cause said dangerous condition. (*Id.*, ¶ 11). The complaint further avers that defendant was in control of the conditions of the room and knew or should have known that the tile was wet and slippery. (*Id.*, ¶¶ 14-15). Defendant failed to warn Plaintiff, the complaint

2

continues, about the wet and slippery floor, a condition that Plaintiff characterizes as a hidden trap. Plaintiff alleges two causes of action: negligence and breach of contract. (*Id.*, ¶¶ 17-18).

BHC answered the complaint on July 6, 2022, generally denying liability and asserting several affirmative defenses. (Docket No. 9). The parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) for trial and all further proceedings including the entry of final judgment. (Docket No. 22). The case was eventually reassigned to me. (Docket No. 42).

On September 22, 2023, BHC filed its third-party complaint against Liberty. (Docket No. 38). As noted above, the pleading is a direct action under the Puerto Rico Insurance Code, 26 P.R. Laws. Ann. §§ 2001 and 2003. BHC seeks declaratory relief and indemnity and/or contribution from Liberty. (*Id.* at 1, ¶ 1). The third-party complaint alleges in pertinent part that at the time of the slip-and-fall incident the hotel, while owned by BHC, was operated by IHE, LLC ("IHE") under a management agreement between the parties. (*Id.* at 5, ¶ 20). Pursuant to terms of the agreement, IHE was responsible for the day-to-day operations of the hotel, including personnel matters, and the planning, executing and supervising of routine repairs and maintenance. (*Id.*, ¶ 21). IHE, not BHC, had control of the premises including guestrooms, and was in charge of housekeeping and servicing guests during their stay. (*Id.*, ¶ 23).

The management agreement required IHE to procure and obtain a Comprehensive General Liability Insurance policy providing liability coverage for personal injuries. (*Id.* at 6, ¶ 26). Third-party defendant Liberty provided such insurance with coverage up to $2,000,000.00 applicable to both IHE and BHC. (*Id.*) Things get a

bit murky, however, because BHC had also secured an insurance policy with Universal Insurance Company (hereinafter "Universal"), though BHC claims that Universal's policy coverage is limited exclusively to liability for "lessor's risk" claims. (*Id.*, ¶¶ 27-32). The third-party complaint further asserts that as joint tortfeasors, the broader policy insuring BHC is the Liberty policy which covered any liability for which BHC is eventually called to respond. (*Id.* at, ¶ 36). Thus, the third-party complaint states:

> If BHC is held liable for any of the damages alleged in Plaintiff's Complaint, BHC is entitled to compensation from Liberty for any amounts owed or, in the alternative, in an amount proportionate to the amount of negligence or fault attributable to Liberty's insured, IHE, including but not limited to its negligence in the use, maintenance, and operation of the Hotel and of its rooms . . . .

(*Id.* at 10, ¶ 51).

On December 5, 2023, Liberty filed its "Motion to Dismiss Third Party Complaint Against Liberty under Rule 12(b)(6) as it is Time-Barred." (Docket No. 46). As the title of the motion signals, Liberty claims that the third-party complaint was filed outside of the applicable one-year statute of limitations. According to Liberty, a complaint filed against one joint tortfeasor in an imperfect solidarity type-of-situation does not toll the statute of limitations against the other. (*Id.* at 7-8). Additionally, Puerto Rico Supreme Court jurisprudence holds that there is no joint and several liability between insured and insurer. (*Id.* at 8). Therefore, Liberty contends that "BHC had one year to file an indemnity/contribution claim against IHE and/or Liberty as its insurer, but it did not do so." (*Id.*).

In opposition, BHC argues that the controversy raised by the third-party complaint, namely, whether Liberty is jointly or separately obligated to cover BHC for

4

the injuries Plaintiff claims, is contractual in nature. (Docket No. 49 at 1). BHC contends that because the causes of action brought in the third-party complaint are contract-based rather than tort-based, the statute of limitations that applies is the one governing contract disputes: article 1203 of the Puerto Rico Civil Code, 31 P.R. Laws Ann, § 9495. (*Id.* at 5-6). BHC further argues that the contractual dispute between BHC and IHE first arose at the settlement conference presided over by the Honorable Marshal D. Morgan, United States Magistrate Judge, in August of 2023. (*Id.* at 7-8). Because the third-party complaint was filed about a month later, BHC maintains that it was filed well within the applicable limitations period. (*Id.* at 8).

Liberty has replied reiterating that the third-party complaint is time-barred because it is a tort action and was filed more than a year after the injury allegedly occurred. Liberty faults BHC for characterizing the third-party complaint as a contractual dispute to bypass the statute of limitations. According to Liberty, the new theory advanced for the first time in BHC's opposition fails because the third-party complaint does not allege breach of contract by Liberty. Nor can it, because as Liberty posits, it has not breached its obligation under the insurance contract. In fact, Liberty is providing both legal defense and insurance coverage to BHC. Moreover, Liberty maintains that the fact that the third-party complaint is brought under the direct-action statute, negates any possibility that the impleader presents a contract-based dispute. This is so, says Liberty, because said statute specifically allows a party to file a complaint directly against an insurer for the negligence alleged against its insured, but is not the vehicle to hash out disputes about coverage under insurance contracts. Those should be litigated in state court according to Liberty. Simply, the third-party complaint allegations

are premised on the fact that IHE and BHC are joint tortfeasors. But BHC completely avoided responding to the argument.

BHC then tackles in its surreply the issue it has been accused of avoiding. BHC contends that assuming, arguendo, that the limitations period applicable is the one-year set for tort actions, the statute of limitations was tolled for both BHC and IHE because they are joint tortfeasors, in perfect solidarity. Perfect solidarity exists in this case—BHC contends—because IHE contractually bound itself to indemnify and hold harmless BHC from tort liability. Accordingly, the argument follows, "the most suitable equilibrium" would be to allow the third-part complaint to proceed to discovery and trial and have the trier of fact decide who is liable to Plaintiff under the Liberty policy. (Docket No. 59 at 3).

### III.   APPLICABLE LAW AND DISCUSSION

At first glance, the issue before the Court may seem like a straight-forward question. Under Puerto Rico law, what statute of limitations applies to the claims in third-party complaint? Is it the one-year statute of limitations applicable to actions in tort? Or the Puerto Rico Civil Code's limitations period that governs contractual disputes? The survival of the third-party complaint depends on the answers to these questions. The answer, however, requires an analysis of the nature, status, and relationship of the parties to the impleader (and of parties that have not been joined to the case), *vis a vis* the claims asserted by Plaintiff in her complaint.

Additionally, the case presents a rather strange procedural posture. Two insurance companies are providing defense to the same party—BHC—but dispute which

one should provide coverage in the eventuality liability is imposed.[1] This situation has certainly added a layer of difficulty to what should otherwise be a simple slip-and-fall case. Against this backdrop, I discuss the applicable law, and weigh the arguments presented by the parties.

### A.   Fed. R. Civ. P. 14(a)

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1); *see also Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 393 (1st Cir. 1999)(noting that third-party practice is available under Rule 14 "when a non-party is or maybe liable for all or part of the plaintiff's claim against the defendant."). The claims of the third-party plaintiff perforce must be predicated upon secondary or derivative liability. *See Zurich Am, Ins. v. Lord Elec. Co.*, 828 F. Supp. 2d 462, 468 (D.P.R. 2011); *see also Metro Life Ins., v. Ditmore*, 729 F.2d 1, 9 (1st Cir. 1984)("Third party claims [are] by definition logically dependent on the resolution of the original suit.") Therefore, '[a] third-party plaintiff must allege a direct line of liability between itself and the third-party defendant independent of that between the original plaintiff and defendant.'" *Arroyo-Lopez v. Hosp. Dr. Dominguez, Inc.*, 262 F.R.D. 93, 95 (D.P.R. 2009); *see also Tonge v. Doctors' Center Hosp.*, 531 F. Supp. 3d 491, 498 (D.P.R. 2021).

---

[1] This raises the question of which legal representation is leading the effort, and will ultimately be in charge, of defending BHC. A different third-party complaint has been filed by BHC against Universal (through separate legal representation) also claiming indemnity and/or contribution. (Docket No. 47).

The contractual right of indemnification, or the right to contribution between tortfeasors, are examples of claims that a third-party plaintiff can assert by way of impleader, against a third-party defendant. *See Lopez-De Robinson v. Unites States*, 162 F.R.D. 256, 258 (D.P.R. 1995); *see also Bernardi-Ortiz v. Cybex Int'l., Inc.*, 345 F. Supp. 3d 107, 117 (D.P.R. 2018)("Almost always, this deflection [of liability] will be based on an assertion that the absentee owes the defending party a duty of contribution or indemnity.").

Rule 14(a)(4) allows "any party to move to strike the third-party claim." Fed. R. Civ. P. 14(a)(4). Courts have found that while the rule does not explicitly provide for motions to dismiss third-party claims, any challenge to the appropriateness of impleader is treated as such. *Zurich Am. Ins. v. Lord Elec. Co.*, 828 F. Supp. 2d at 467. "When faced with this challenge, 'in determining whether a third-party complaint was properly brought under Rule 14, a court looks to whether the pleadings provide a basis for a third-party defendant's liability to the defendant/third-party plaintiff.'" *Landron v. Doctors Ctr. Hosp. San Juan, Inc.*, No. 19-1061 (DRD), 2020 WL 6153689; 2020 U.S. Dist. LEXIS 166900 at *19 (D.P.R., Sept. 11, 2020)(quoting *Arroyo-Lopez,* 262 F.R.D. at 95.).

**B.    Motion to Dismiss Standard**

A complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)(quoting Fed. R. Civ. P. 8(a)(2)). But under rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action arguing that it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To defeat such a motion, the opposing party must show that the complaint contains sufficient factual assertions "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plausibility requires "more than labels and conclusions." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). While a pleader does not need to demonstrate that [it] is likely to prevail on its claim," *Garcia-Catalan v. United States*, 734 F.3d 100, 102 (1st Cir. 2013), a court faced with a 12(b)(6) motion must decide whether the allegations in the complaint "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At this stage, the factual allegations in the complaint are accepted as true, and the court draws "all reasonable inferences in favor of the plaintiff." *Trans-Spec Truck Serv. v. Caterpillar, Inc.*, 524 F.3d 315, 320 (1st Cir. 2008)(*citing Garita Hotel Ltd. P'ship. v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir. 1992)).

In deciding a motion to dismiss, "a court may not [ordinarily] consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted to one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)(*citing Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993)). However, a narrow exception to said rule applies when the authenticity of the documents at issue is not challenged by the parties, the documents are central to the plaintiff's claim, and/or it is sufficiently referred to in the complaint. *Id.* Under such circumstances, the document "merges into the pleadings and

the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Id.* (*quoting Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)).

Here, BHC attached to the third-party complaint the two insurance policies at issue (Docket No. 38-1 and 38-2) and referred to them throughout said pleading. The authenticity of the documents has not been challenged. Also relevant to the present controversy is the "Hotel Management Agreement" that has been alluded to as part of the motion practice. (Docket No. 40-1). Accordingly, I will consider these documents as part of my analysis. *See Triangle Cayman Asset Co. 2 v. Property Rental & Inv., Corp.*, 278 F. Supp. 3d 508, 518 n.12 (D.P.R. 2017).

### C.   **Statute of Limitations**

The First Circuit has held that "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear' 'on the face of the plaintiff's pleading.'" *Trans-Spec Truck Serv.*, 524 F.3d at 320 (*quoting Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 197 (1st Cir. 2001)). Dismissal is only appropriate "when the pleader's allegations leave no doubt that an asserted claim is time-barred." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998). Put differently, dismissal is warranted "[w]here the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel." *Trans-Spec Truck Serv.*, 524 F.3d at 320 (citations omitted.).

Importantly, "[a] federal court sitting in diversity must apply the relevant state's statute of limitations, including its accrual rules." *Quality Cleaning Prods R.C. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 205 (1st Cir. 2015). Pursuant to Article 1204 of the current Puerto Rico Civil Code, the statute of limitations for tort actions is one year. 31 P.R. Laws Ann. § 9496; *see also Rodriguez v. De Jesus-Rojas*, No. 23-1150 (FAB), ___ F. Supp. 3d ___, 2023 U.S. Dist. LEXIS 206699 at *5 (D.P.R., Nov. 16, 2023). Article 1203, on the other hand, sets the statute of limitations for any other personal actions at four (4) years. 31 P.R. Laws Ann. § 9495. In Puerto Rico, the one-year statute of limitations for tort actions begins to run when the aggrieved person becomes aware, that is, has actual knowledge, of the injury suffered and the identity of the person who caused it. *Colon-Torres v. BBI Hosp., Inc.*, 552 F. Supp. 3d 186, 193 (D.P.R. 2021)(citations omitted). In this case, it is undisputed that the statute of limitations began to accrue on June 12, 2021, the day of the slip and fall incident. *Id.*

### D.     Analysis

After careful consideration of the applicable law and the positions of the parties, I find that third-party plaintiff BHC has the better argument. First, the pleading standard at this stage is not onerous. Second, my analysis of Puerto Rico law leads me to conclude that any claims against IHE as joint tortfeasor[2], and consequently against Liberty as its insurer, have been tolled. My reasoning follows.

---

[2] Subsumed within the present controversy is BHC's contention that IHE, as operator of the hotel, is directly liable to Plaintiff for any breach of duty that is ultimately determined. But for some reason, neither Plaintiff Milicevic, nor third-party plaintiff BHC, found it advisable to join IHE to the case.

Liberty's main argument is that the third-party complaint is time-barred because a direct action under the Puerto Rico Insurance Code cannot be brought against the insurer of a joint tortfeasor if the statute of limitation has expired. Liberty relies on *Fraguada Bonilla v. Hospital Auxilio Mutuo,* 2012 TSPR 126, 186 D.P.R. 365 (2012), a case that stands for the proposition that an action filed against one tortfeasor does not toll the statute of limitations against the rest of the joint tortfeasors. But *Fraguada Bonilla* made the distinction between perfect and imperfect solidarity. The no-tolling rule of *Fraguada Bonilla* is extensive only to situations of imperfect solidarity. Not surprisingly, Liberty's motion to dismiss assumes imperfect solidarity between BHC and IHE. In response, BHC ripostes that given the nature of their relationship, we are dealing with a scenario of perfect solidarity in the instant case.

Before addressing the issue of perfect versus imperfect solidarity, I pause briefly to note that BHC's argument that the third-party complaint presents a purely contract-law dispute is a non-starter. To hold otherwise would be inconsistent with the purpose of the Puerto Rico Insurance Code direct-action mechanism which "permits third parties to bring an action against an insurer (or insurers) for claims covered under an insurance policy, without having to join the insured to the dispute." *Lopez & Medina Corp. v. Marsh USA, Inc.*, 667 F.3d 58, 61 n. 8 (1st Cir. 2012). While BHC may want to re-brand the third-party claims as sounding in contract to avoid the one-year statute of limitations, I cannot accept such contention because the allegations in the third-party complaint have not plausibly pled breach of contract or some other contractual theory. The third-party complaint is simply a direct action against the insurer of IHE who is in turn an alleged joint tortfeasor.

Notwithstanding, when viewed through the correct lens, I find that impleader under Rule 14(a) is proper in this case, because BHC has sufficiently alleged a direct line of liability between itself and IHE. The third-party complaint requests indemnity and/or contribution from an alleged joint tortfeasor (through the insurance company of said joint tortfeasor), a classic form of derivative liability. *Arroyo-Lopez v. Hosp. Dr. Dominguez, Inc.,* 262 F.R.D. at 95.

With those matters out of the way, I address the main controversy and conclude that the allegations in the third-party complaint sketch a factual predicate that warrants the application of tolling under Puerto Rico law.

In *Fraguada Bonilla,* the Puerto Rico Supreme Court overruled *Arroyo v. Hosp. La Concepción,* 130 D.P.R. 596 (1992), which for two decades prior, held that tolling against one tortfeasor, tolled the statute of limitations against all of them. In revisiting its prior holding, the Court specifically determined in the context of joint tortfeasors, that "the statute of limitations must be tolled separately for each joint tortfeasor . . . [and] the timely filing of a complaint against an alleged joint tortfeasor does not toll the statute of limitations against the rest of the alleged joint tortfeasors." *Calderon-Amezquita v. Rivera-Cruz,* 483 F. Supp. 2d 89, 105-06 (D.P.R. 2020)(*quoting Rivera-Carrasquillo v. Centro Ecuestre Madrigal,* Inc., 812 F.3d 213, 217 n.4 (1st Cir. 2016)). The effect of tolling, however, depends on whether there is perfect or imperfect solidarity between the parties. "Perhaps the most important implication of the distinction between perfect and imperfect solidarity is how the statute of limitations is tolled and against whom is tolled." *Rodriguez v. Mennonite Gen. Hosp., Incl.*, Civil No. 21-1286 (GMM), 2023 WL 3902717, 2023 U.S. Dist. LEXIS 100209 at *11 (D.P.R., Jun. 7, 2023).

Citing *Fraguada Bonilla*, courts in the First Circuit have stated that perfect solidarity exists "where 'several persons [are] joined by a common interest, [and] have frequent relations among themselves or know each other.'" *Hamdallah v. CPC Carolina PR, LLC*, ___ 4th ___, 2024 U.S. App. LEXIS 869 at *43 (1st Cir., Jan. 12, 2024)(*quoting Carlderon-Amezquita*, 483 F. Supp. 3d at 106)). On the other hand, imperfect solidarity is the juridical relationship of "people who do not know each other, who are only accidental co-tortfeasors or when they have sporadic relationships." *Merlino v. Frazier*, Civil No. 19-1304 (CVR), 2023 WL 2413924, 2023 U.S. Dist. LEXIS 39242 at *14-15 (D.P.R., Mar. 8, 2023)(*quoting Fraguada Bonilla*, 186 D.P.R. at 380).

When there is imperfect solidarity between multiple tortfeasors, *Fraguada Bonilla* holds that interruptive acts against one tortfeasor do not operate to interrupt the statute of limitations against the others. *Tonge*, 531 F. Supp. 3d at 499 ("The notable consequence of imperfect solidarity is what the *Fraguada-Bonilla* Court described as the 'secondary effect' referring to the disruptive effect of a statute of limitation.") Conversely, when there is perfect solidarity between the parties, the tolling against one tortfeasor, tolls the prescription term against the rest. "Precisely because perfect solidarity arises from a pre-existing bond, interruptive acts <u>do not</u> operate individually and prescription with regard to one of the defendants does indeed reach the other[s] in such cases." *Ramirez-Ortiz v. Corporacion del Centro Cardiovascular de P.R. y del Caribe*, 994 F. Supp. 218, 223 (D.P.R. 2014)(emphasis in original).

A few years after its decision, and further expounding the *Fraguada Bonilla* holding, the Puerto Rico Supreme Court clarified that a third-party claim could not be brought against a time-barred tortfeasor. *Maldonado-Rivera v. Suarez*, 2016 TSPR 57,

14

195 D.P.R. 365, 211 (2016). In other words, once the statute of limitations had run on a plaintiff's claim for damages against an absent co-tortfeasor, the defendants that were timely sued cannot bring third-party claims against said co-tortfeasor. *Id*. But then again, this precept is dependent upon a finding of imperfect solidarity.

Here, BHC and IHE are not entities that are strangers to each other or have only sporadic relations. They know each other, have had frequent interactions, and are connected by a common interest. The hotel management agreement is the best example of the bond that exists between them. They contractually bound themselves to enter into a relationship where one would operate the hotel owned by the other. By virtue of the same management agreement, the parties agreed, for instance, that IHE as operator would "act solely on behalf of and as agent of the Owner." (Docket No. 40-1 at 11). IHE further agreed to allow BHC as owner to enter the property to examine and inspect the hotel, its records, and operation (*Id*. at 16), as well as meeting at least once a month for the review of financial and operating performance. (*Id*. at 18-19). Relevantly, the agreement required IHE to obtain a Comprehensive General Public Liability insurance policy for the benefit of both owner and operator, (*Id*. at 21-22), which IHE did through third-party defendant Liberty. (Docket No. 38-2). They also agreed to mutually indemnify, defend, and hold harmless each other. (Docket No. 40-1 at 33-34). IHE specifically agreed to indemnify, defend, and hold harmless the owner of the hotel from losses incurred as a result of its "gross negligence or willful misconduct." (*Id*. at 34).

Based on the above-outlined circumstances, and taking the allegations in the third-party complaint as true as I must do at the motion to dismiss stage, I find that sufficient facts have been alleged to establish that perfect solidarity exists between BHC

and IHE. Their relationship cannot be said to be incidental or sporadic. They shared a common business goal and interacted frequently to advance said goal. Therefore, the filing of a timely complaint by Plaintiff against BHC, tolled the statute of limitations against the alleged joint tortfeasor, IHE, and consequently against its insurer Liberty under the direct-action statute. *See Rodriguez v. Grupo Hima-San Pablo*, Civil No. 15-1278 (SEC), 2016 U.S. Dist. LEXIS 136421 at *4-6 (D.P.R. Sept. 30, 2016).

## IV.   CONCLUSION

In view of the above, I find that the claims in the third-party complaint are not time-barred. Therefore, Liberty's motion to dismiss is hereby DENIED.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 2nd day of February, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE