# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

TANIS MILICEVIC,

Plaintiff,

v.

UNIVERSAL INSURANCE COMPANY,

Defendant.

CIVIL NO. 22-1202 (HRV)

## MEMORANDUM AND ORDER

Pending before the Court is Universal Insurance Company's ("Universal") "Motion for Disclosure of Settlement Agreement." (Docket No. 119). Plaintiff, Tanis Milicevic, former Defendant and Third-Party Defendant Liberty Mutual Insurance Company ("Liberty"), District Hotel Partners, LLC ("DHP")(previously Bayamón Hotel Company or "BHC"), and Bluhost, LLC (previously known as IHE, LLC)(hereinafter the "settling parties"), oppose Universal's motion. (Docket Nos. 120, 124).

For the reasons set forth below, the motion is DENIED.

I. **Brief Factual Background and Procedural History**

On May 4, 2022, Plaintiff Tanis Milicevic commenced the instant diversity jurisdiction action against BHC (subsequently substituted for defendant DHP) alleging in sum and substance that due to BHC's negligence, she suffered damages. (Docket No. 1). The original complaint specifically alleged that on June 12, 2021, Ms. Milicevic was

1

staying in a room at the Hyatt Place San Juan City Center, a hotel owned by BHC. (*Id.* at 2, ¶ 8). When she woke up that morning, she stepped onto the tile leading to the bathroom and violently slipped resulting in severe physical injuries, including a displaced femur fracture. (*Id.*, ¶¶ 9,10).

BHC answered the complaint on July 6, 2022, generally denying liability and asserting several affirmative defenses. (Docket No. 9). Following a failed attempt at settlement (Docket No. 33), BHC filed third-party complaints against its insurance companies Liberty and Universal pursuant to the direct-action provisions of the Puerto Rico Insurance Code, 26 P.R. Laws. Ann. §§ 2001 and 2003. (Docket Nos. 38 and 47). Subsequently, Liberty filed a crossclaim against Universal. (Docket No. 73).

On February 2, 2024, I denied a motion to dismiss filed by Liberty on statute of limitations grounds. (Docket Nos. 46, 62). Universal also moved to dismiss the third-party complaint against it for failure to state a claim. (Docket No. 69). Meanwhile, after being granted leave to do so, Plaintiff filed an amended complaint on March 25, 2024. (Docket No. 86). Among other things, the amended complaint added Liberty and Universal as defendants under the direct-action statute. (*Id.*).

On May 23, 2024, the settling parties filed a joint "Stipulation of Dismissal with Prejudice" in which they informed me that they had reached an agreement to partially settle the case. (Docket Nos. 111). I noted the stipulation and entered partial judgment accordingly. (Docket Nos. 112, 113). Pursuant to the partial judgment, the amended complaint was dismissed as to the settling defendants. Also, under the partial judgment, the third-party complaints against Liberty and Universal were dismissed as well as the crossclaim by Liberty against Universal. (Docket No. 113). The dismissal of the third-

2

party complaint against it, mooted Universal's motion to dismiss at Docket No. 69. (*See* Docket No. 114). Universal currently stands as the only defendant remaining in the case.

Universal filed its motion for disclosure of settlement agreement on May 30, 2024. (Docket No. 119). The settling parties jointly opposed said motion for disclosure on June 7, 2024. (Docket No. 120). In said opposition, they only agreed to include a selected portion of the settlement agreement that outlines releases and waivers of liability. (*Id.*)

I ordered Universal to reply to the settling parties' opposition addressing whether the request had become moot in light of the information included in the filing at Docket No. 120. (Docket No. 121). In compliance, Universal filed its reply on June 17, 2024, arguing that its request to disclose the settlement agreement had not become moot and reiterating its position that it is entitled to be provided an unredacted version of the settlement agreement at issue. (Docket No. 123). Plaintiff responded to the motion in compliance on June 23, 2024, and Universal filed a brief reply on June 25, 2024. (Docket Nos. 124, 125).

II.     **Discussion**

Universal argues that it is entitled to the disclosure of the complete settlement agreement to determine the effects of said agreement on it, the only non-settling party, as well as its own exposure. According to Universal, the partial disclosure made by the settling parties failed to place it in a position to adequately assess the availability of affirmative defenses and to determine whether the claims against it are precluded, if, for instance, the settlement agreement completely extinguished the responsibility of its insured DHP. Because Universal is not a tortfeasor but the insurer of a tortfeasor, it contends that its liability is dependent on the liability of DHP, a party that it suspects has

been fully released from liability pursuant to the settlement agreement. Accordingly, Universal maintains that it needs to review the "totality of the wording in the settlement agreement, and the specific terms and scope of the release and waivers of liability between plaintiff and the released defendants" (Docket No. 123 at 3) before it is required to answer or otherwise move the Court.

Plaintiff responded that the settlement agreement, by its clear terms, did not release Universal from liability under the direct-action statute. (Docket No. 124). Her position is that she will still have to prove her case of liability and damages against the Hotel but can only recover damages from Universal as the non-settling insurer of DHP up to the limits of the insurance policy. Plaintiff does not dispute that Universal will be able to raise all defenses the Hotel has against liability and the amount of damages. Plaintiff also engages in the exercise of characterizing the case law cited by Universal as either not applicable or distinguishable.

In reply, and even though she has unambiguously opposed the same (Docket No. 120), Universal claims that its request for disclosure of the settlement agreement "must" be deemed unopposed by Plaintiff. (Docket No. 125). In any event, Universal reiterates its request for full disclosure of the settlement agreement.

After careful consideration of the arguments presented, and the applicable law, I find that Universal is not entitled to disclosure of the full confidential settlement agreement. First, I note that as a matter of public policy, the confidentiality of settlement agreements should be preserved to the extent possible. *See Close v. Account Resolution Servs.*, 557 F. Supp. 3d 247, 250 (D. Mass. 2021)(*quoting Thomasian v. Wells Fargo Bank, N.A.*, No. 03:12-cv-01435-HU, 2013 U.S. Dist. LEXIS 119554, 2013 WL 4498667,

at *2 (D. Or. Aug. 22, 2013)("A 'strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated.'"); *see also Berkan v. Mead Johnson Nutrition Puerto Rico,Inc.*, 204 D.P.R. 183, 207 (2020)(noting Puerto Rico's public policy in favor of settlements.).

Second, none of the cases cited by Universal hold that a non-settling co-defendant is entitled, or has a right, to disclosure of a confidential settlement agreement to be able to argue affirmative defenses and the extent of its liability. The cases cited by Universal simply stand for the proposition that the intent of the parties to the settlement agreement and the stipulated terms with respect to releases and waivers of liability, must be considered by the Court (not the non-settling party) for their effect on the liability of a non-settling co-defendant or tortfeasor. *See Sagardia v. Hospital Auxilio Mutuo*, 177 D.P.R. 484 (2009).

Further, Universal's reliance on *Rodriguez-Ramos v. Hospital Dr. Susoni, Inc.*, 186 D.P.R. 889 (2012) is misplaced. According to Universal, the Puerto Rico Supreme Court "**held** that in light of partial settlement, the remaining defendants can and should be granted an opportunity to review the terms of a confidential settlement agreement to determine its effects in the judgment or their own exposure . . . ." (Docket No. 119 at 2)(emphasis ours). The case is also cited for the proposition that Universal has a "right to review the terms of a confidential settlement agreement to determine its effects in the judgment, defenses and own exposure" because the Supreme Court of Puerto Rico supposedly concluded "that the co-defendant should have requested access to the settlement agreements to determine their effect." (Docket No. 123 at 8). That is not what the case holds.

5

Relevantly, *Ramos-Rodriguez v. Hospital Dr. Susoni, Inc.*, *supra*, addressed a claim made by a co-defendant doctor in a medical malpractice action that the lower courts erred in not requesting copies of the confidential settlement agreements reached by two of the co-defendants. *Id.* at 902. The argument was that the amounts received by the plaintiffs through those settlement agreements should be reduced from the damages assessed against him. *Id.* In response, the plaintiffs opposed the disclosure of the agreements and proffered that the agreements where of the kind endorsed by the Court in *Szendrey v. Hospicare, Inc.*, 158 D.P.R. 648 (2003), and that there was a release of liability in both the internal and external relationship between the settling parties. *Rodriguez-Ramos v. Hospital Dr. Susoni, Inc.*, 186 D.P.R. at 902.

After a discussion of the relevant law regarding settlement agreements and their potential effects on a non-settling co-defendant, the Court disposed of the controversy by way of a procedural finding that the request for disclosure of the settlement agreements (again, to the Court, not the co-defendant) was not properly before it since the partial judgments at issue had become final and were not appealed. *See id.* at 902-907. The Court specifically noted that to agree to the petition of requesting the signed agreements to determine the effects that said agreements could have had over the internal and external relation of the other defendants in solidarity would have the simultaneous effect of reviewing a partial judgment that became final more than three years prior. *Id.* at 906-07. And the trial Court had already adjudicated, through a final judgment, that the portion received by the plaintiffs through the settlement agreements did not have any effect over the damages to be imposed on the no-settling co-defendant. *Id.* at 907. If the non-settling co-defendant wanted the trial court to review the

6

confidential settlement agreement, it should have so requested prior to the entry of the partial judgment or appeal from said partial judgment. *Id.* By not doing so, he conceded that the settling co-defendants be release from the internal and external relationship, making the request to review the settlement agreements unavailing. *Id.*

The foregoing shows that the cited case does not hold that non-settling defendants should be granted an opportunity to review themselves a confidential settlement agreement to determine its effects and exposure. At most, the decision leaves the door open for judicial review and consideration of confidential settlement agreements to determine their effects, but the issue was not properly before the Court on procedural and jurisdictional grounds. Here, Universal is not requesting that I review the settlement agreement to determine its effects. Universal is claiming a categorical and unconditional right to review the confidential settlement agreement itself. But the case law it cites does not support its position.

Lastly, I find that the information already disclosed by the settling parties regarding the release clauses in the agreement provides sufficient information to Universal to be able to answer the allegations in the amended complaint and/or raise affirmative defenses. The settling co-defendants have shared the portions of the agreement that notify Universal who the released parties are. The information shared also sheds light regarding the specific intent of the settling parties as to the type of release as follows:

> It is the specific intent of the PLAINTIFF to release the LIBERTY RELEASED PERSONS of any and all liability arising from the Casualty and Lawsuit, and such release will apply to the LIBERTY RELEASED PERSONS not only in the external relationship between PLAINTIFF and the LIBERTY RELEASED PERSONS, but also in the internal relationship between joint

> tortfeasors. Therefore, PLAINTIFF will absorb whatever portion of liability that may be assessed against the LIBERTY RELEASED PERSONS in the future, if any. This means that the LIBERTY RELEASED PERSONS will never have to pay the PLAINTIFF or any non-released joint tortfeasors or their insurers, or cross-claimants or third-party plaintiffs any amounts over the amounts paid by virtue of this Agreement. The PLAINTIFF waives any right to collect any further amounts or sums (other than the one being paid herein) from the LIBERTY RELEASED PERSONS based upon liability *in solido*. In other words, it is the express intention of the parties to this Agreement that the LIBERTY RELEASED PERSONS will not pay any compensation to anyone other than the compensation for damages in section 2.1, above.

(Docket No. 120 at 2-3). The settling parties made it a point to clarify in the agreement that the release should not be interpreted as a release in favor of Universal. (*Id*. at 3).

As Universal acknowledges, the effects of an agreement to settle a claim against one of several co-defendants depend on the terms of the agreement. *See U.S. Fire Ins. Co. v. AEE*, 174 D.P.R. 846, 855 (2008). A plaintiff can release a co-defendant of all responsibility, that is, in their external relationship as well as in the internal relationship between co-defendants. *Id*. When this happens, the plaintiff assumes the portion of the responsibility attributable to the released co-defendant. *Id*. at 855-56 (*citing Szendrey v. Hospicare, Inc.*, 158 D.P.R. at 656-659).

From the information provided by the settling parties, Universal knows that its insured DHP has been released from liability and that the release applies to both the external relationship between Plaintiff and DHP as well as the internal relationship between the released co-defendants. It is also clear that the settlement agreement does not intend to release Universal. "The release or discharge from liability granted by a plaintiff to a codefendant and joint codebtor does not release the other joint tortfeasors from liability for the damage when the intention of the parties in the settlement and

release agreement has thus acknowledged this fact." *Id.* at 655 [58 Official Translation at 5-6] (*citing P.R. Fuels, Inc. v. Empire Gas Co., Inc.*, 149 D.P.R. 691 (1999) and *Merle v. West Bend Co.*, 97 D.P.R. 403 (1969)).  Simply put, Universal has all it needs to decide what defenses to allege and what arguments to advance regarding its own liability as a non-settling defendant *vis a vis* its status as the insurer of a released tortfeasor sued under the direct-action statute.

## III.   Conclusion

In view of the above, the motion for disclosure of settlement agreement is DENIED.  Universal must answer the amended complaint or otherwise move the Court by August 7, 2024. I am disinclined to grant extensions of this deadline absent extraordinary circumstances.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 17th day of July, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
