**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

TANIS MILICEVIC,

Plaintiff,

v.

UNIVERSAL INSURANCE COMPANY,

Defendant.

CIVIL NO. 22-1202 (HRV)

## ORDER

Universal Insurance Company's ("Universal") motion in compliance at Docket No. 129 is **NOTED** and **GRANTED**. This matter is returned to the presiding District Judge for further proceedings. *See Williams v. GE Auto Lease*, 159 F.3d 266, 268 (7th Cir. 1998)("[P]arties added to a case after the original litigants have filed a consent under [28 U.S.C.] § 636(c) must also agree to the submission of the case to the magistrate judge; if they do not, then the case must be returned to a district judge.") I only add the following so that the District Judge has a clear picture about how we got to this point as well as of counsels' approach to litigation, which leaves much to be desired.

The record shows that Universal has been involved in this case from the inception. It provided legal representation to its insured, defendant Bayamon Hotel Company, LLC ("BHC"), later substituted for District Hotel Partners, LLC (Docket No. 109), and even participated in settlement hearings. (*See* Docket Nos. 21, 28, and 33). Subsequently, when it was formally added to the case as a party, Universal litigated dispositive and non-

1

dispositive matters before the undersigned. For instance, Universal moved to dismiss the third-party complaint that was filed against it. (Docket No. 69). Had the matter not become moot (Docket No. 114), Universal presumably would have accepted a favorable ruling by the undersigned on its dispositive motion, including the entry of judgment in its favor.[1] It was very shortly after it received an adverse ruling on a non-dispositive matter (Docket No. 126), that Universal announced for the first time that it did not consent to the full jurisdiction of a magistrate judge.[2]

    Universal is represented by experienced counsel who are aware of the rules applicable to the matter of consenting to the jurisdiction of a magistrate judge. Its motion in compliance at Docket No. 129 reveals as much. Yet, Universal remained silent and continued to fully litigate the case before the undersigned magistrate judge thereby acting as if consent was a non-issue. In that sense, Universal's general appearance and litigation before the undersigned arguably could support a finding of implied consent. *See, e.g., Heft v. Moore*, 351 F.3d 278, 281 (7th Cir. 2003)(finding parties voluntarily consented to proceed before a magistrate judge when they entered general appearances

---

[1] By way of another example, defendant BHC, who was represented by counsel retained by Universal, brought a third-party complaint against Liberty Insurance Company ("Liberty") under the Puerto Rico direct-action statute. (Docket No. 38). This is the same procedural mechanism that Universal later objected to when a similar third-party complaint was filed against it. (Docket Nos. 47, 69). When I ruled that the Universal-sanctioned third-party complaint against Liberty would not be dismissed as time-barred (Docket No. 62), there is no indication in the record that Universal thought of that decision as having been made without jurisdiction even though at that time new parties had been added to the case after the original consent to magistrate judge jurisdiction was given.

[2] The timing of Universal's announcing its lack of consent can fairly be viewed as the equivalent of a recusal motion because a party disliked—or disagreed with—a ruling. *See McGrath v. Everest Nat'l Ins. Co.*, Case No. 2:07 cv 34, 2009 WL 4842837, 2009 U.S. Dist. LEXIS 115355, at *15 (D.N.J. Dec. 10, 2009)("Courts do not look favorably upon the use of motions to vacate consent to a magistrate judge which are actually thinly veiled attacks on a judge's impartiality.")

2

before the magistrate judge and participated in hearings before the magistrate.); *see also Sàrl v. Bolivarian Republic of Venezuela*, 514 F. Supp. 3d 20, 38-39 (D.D.C. 2020)(same); *Parsons v. Ryan*, No. CV-12-00601-PHX-ROX, 2018 WL 6418611, 2018 U.S. Dist. LEXIS 205945, at *17-18 (D. Ariz. Dec. 6, 2018)(implied consent found where defendants engaged in the type of "gamesmanship" the Supreme Court in *Roell* discouraged by only asserting the jurisdictional argument after the proceedings did not evolve as they hoped.).

      Notwithstanding, out of an abundance of caution, the undersigned finds that the better course of action is to cease presiding over this case. Universal as a party was never asked to expressly consent to the jurisdiction of a magistrate judge, nor informed of the right to refuse such consent. And while the Supreme Court has noted that a party might signal consent to the magistrate judge's authority through actions rather than words, the Court also observed that implied consent should be found only when "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Roell v. Withrow,* 538 U.S. 580, 589-90 (2003).

      Lastly, Universal claims that the confidentiality of its choice to refuse consent has not been protected by the undersigned because I required that it formally state its position. (Docket No. 129 at 6, n.1). I am baffled by this assertion. This is not a case currently assigned to a District Judge where the issue of consent to proceed before a magistrate judge is being explored pursuant to Fed. R. Civ. P. 73(b). This case was already referred to a magistrate judge for all proceedings when the issue of lack of consent was raised after significant effort and expenditure of resources. In any event, it

was Universal's pleading—its answer to the amended complaint—filed without restriction that revealed its current stance regarding consent, not the undersigned's order. Given the procedural stage of this case, it would have been irresponsible of the undersigned to ignore the issue and continue to preside over this case without inquiring.

The Clerk of Court is ordered to return this case to the Honorable Aida M. Delgado-Colon, United States District Judge, to remove the undersigned's initials from the file, and to terminate my association to the case.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 28th day of August, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
